**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS MARIC, | No. 14-15863 |
| Plaintiffs-Appellants, | D.C. No. 1:12-cv-00102-SKO |
| v. | |
| JON ALVARADO et al., | MEMORANDUM[*] |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge Presiding

Argued and Submitted August 17, 2018
San Francisco, California

Before: BEA and CHRISTEN, Circuit Judges, and McLAUGHLIN,[**] District Judge.

Plaintiff Dennis Maric (Maric) filed a complaint in the Eastern District of

California against Fresno County Deputy Sheriffs Jon Alvarado, Todd Burk, John

Robinson, and Fernando Maldonado (together Defendants) for incidents which

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

occurred during Defendants' response to a 9-1-1 call placed by Maric's wife Mary Maric (Mary). The Complaint alleged claims under 42 U.S.C. § 1983 based on violations of the Fourth Amendment, including unlawful entry, unlawful arrest, unlawful seizure of Maric's firearms, and excessive force. The Complaint also alleged corollary state-law claims, including unlawful entry in violation of the California constitution, false imprisonment, malicious prosecution, and assault and battery.

The parties filed cross motions for summary judgment. The district court granted summary judgment for Defendants on the Fourth Amendment claims for unlawful entry, unlawful arrest, and unlawful seizure of the firearms, and for the corollary state law claims for unlawful entry pursuant to the California Constitution, false imprisonment, and malicious prosecution. However, the district court denied Defendants summary judgment as to the Fourth Amendment claim for excessive force. That claim proceeded to trial, together with the state-law claims for assault and battery. Following the trial, the jury found for Defendants.

Maric now appeals the district court's grant of summary judgment to Defendants on his Fourth Amendment claims for unlawful entry and unlawful arrest, and the state-law claims for unlawful entry and false imprisonment.[1]

_____

[1] Maric has waived his Fourth Amendment claim related to the seizure of his firearms: his briefing before the Court of Appeals contains no argument regarding that claim. *See Nat'l Ass'n for the Advancement of Psychoanalysis v. California*

The following facts appear to be undisputed in the summary judgment record: Defendants were notified by a police dispatcher that Maric was drunk and breaking property, and that Mary wished for Maric to be "sent on the way."[2] When deputies Robinson, Alvarado, and Maldonado arrived at Maric's home, Maric answered the door. Behind Maric on a couch sat Mary and their two children. The children had frowns on their faces, but it was otherwise apparent to the officers that Mary and the children were unharmed. Robinson asked Maric to step outside the home, but Maric refused. Maldonado and Robinson then crossed the threshold into the home and forcibly removed him.[3] Robinson held Maric outside, handcuffed him, and used a leg-sweep to force him to the ground. Once Maric was removed from the home, Mary reported to one of the Defendants, Officer Maldonado, that she wished to have a restraining order issued against Maric. Defendants secured the restraining order within approximately twenty minutes. Mary reported to Maldonado that Maric had two guns in the residence, which Mary requested Maldonado remove. Deputy Burk, who arrived not long after Maric was removed

*Bd. of Psychology,* 228 F.3d 1043, 1049 n. 3 (9th Cir. 2000) (an issue is waived if the brief does not contain the appellant's contentions and citations to authorities and the record).

[2] While in their Declarations Defendants state that they were told by the police dispatcher that Mary feared for her life, this fact is in dispute.

[3] It is also disputed whether Maric attempted to shut the door to the apartment and step back into the interior of the home, and whether one of the Defendants placed his foot in the door to prevent Maric from doing so.

from the home, entered the home and located a loaded handgun in a dresser in the living room and removed it. Deputy Maldonado located and removed a shotgun under the mattress in the bedroom. Maric was arrested for resisting a peace officer, in violation of California Penal Code (CPC) § 148(A), and for child endangerment, CPC § 273a(b). Maric was booked and jailed in Fresno County jail. Maric was eventually charged with two counts of child endangerment pursuant to CPC § 273a(b). Those charges were later dismissed.

For the reasons that follow, we reverse and remand for proceedings consistent with this disposition.

## 1. Fourth Amendment and California Constitution claims

Defendants argue their warrantless entry was justified by the "exigent circumstances" exception to the warrant requirement. To prove exigent circumstances, Defendants must show they had probable cause to believe that a crime had been committed on the premises and that their entry was "necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir. 1984) (en banc), *overruled on other grounds by Estate of Merchant v. Comm'r*, 957 F.2d 1390, 1392-93 (9th Cir. 1991).

Defendants argue they had probable cause to believe Maric committed the crime of misdemeanor child endangerment, pursuant to California Penal Code (CPC) § 273a(b). We disagree. In California, a person may violate CPC § 273a(b) either by harming a child directly, or may violate the statute "indirectly" when he severely abuses a close relative of a child in front of the child. *People v. Burton*, 143 Cal. App. 4th 447, 454 (Cal. Ct. App. 2006). When Defendants arrived at the Maric home, they observed that Mary and the children were unharmed. It is in dispute whether Defendants were aware that Mary had reported that she "feared for her life." Maric has therefore adduced evidence sufficient to demonstrate there exists a triable issue of fact as to whether Defendants had a basis to believe Maric violated CPC § 273a(b).

Further, even if Defendants did have probable cause to believe that Maric violated § 273a(b), they have not demonstrated the existence of "exigent circumstances." The warrantless entry into a home is presumptively unreasonable, *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009), and it is the officers' burden to demonstrate that the entry was necessary. Defendants did not adduce evidence sufficient to remove any triable issue of fact that Mary or the children were in any immediate danger, or that Defendants would not have been able to obtain a warrant in a timely manner. Indeed, the evidence indicates the contrary: after Mary requested a protective order, Defendants were able to obtain one within

5

approximately twenty minutes. Defendants proffered no evidence to prove a warrant to search the home or to seize Maric would have taken longer. A possible domestic disturbance does not create a "per se exigent need for warrantless entry." *United States v. Brooks*, 367 F.3d 1128, 1136 (9th Cir. 2004).

Defendants also argue that they had probable cause to believe that Maric violated California Penal Code (CPC) § 148(a), obstruction of a police officer. California law, however, is clear that "[a]lthough an individual's refusal to consent to a warrantless entry of his residence may be open to various interpretations and is not encouraged, the assertion of the right itself cannot be a crime nor can it be evidence of a crime." *People v. Keener*, 148 Cal. App. 3d 73, 78–79 (Ct. App. 1983).

Because Defendants have not proffered evidence that indisputably demonstrates they had probable cause to believe that Maric violated either § 273a(b) or § 148(a), the district court erred when it granted summary judgment to Defendants on Maric's unlawful entry claim and unlawful arrest claim pursuant to the Fourth Amendment. For the same reasons, the district court erred when it dismissed the corollary unlawful entry claims pursuant to the California Constitution.

## 2. California State Law Claims

California has "ordinarily resolved questions about the legality of searches and seizures by construing the Fourth Amendment and Article I, Section 13 in tandem." *People v. Buza*, 4 Cal. 5th 658, 686 (2018). The district court therefore erred when it dismissed Maric's claim pursuant to Article I, Section 13 of the California Constitution. [4]

Maric has made a substantial showing that he was arrested unlawfully pursuant to California law for two independent reasons.

First, Maric proffered evidence sufficient to demonstrate that the officers falsely imprisoned him. In California, the tort of false imprisonment "consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994). It is uncontested that Maric was confined by the police officers for "an appreciable length of time": Defendants admit that Maric was pulled from his home, handcuffed, kept on the ground in front of his home for approximately twenty minutes, and then taken to Fresno County Jail. Defendants' defense to the tort is that they had a "lawful privilege" to detain Maric. As described above, Maric adduced evidence sufficient to demonstrate that there

---

[4] Article 1, Section 13 of the California Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized."

exists a triable issue of fact as to whether Defendants had probable cause to arrest him.

Second, the arrest was unlawful pursuant to CPC § 840. Section 840 states that "[a]n arrest for the commission of a misdemeanor or an infraction cannot be made between the hours of 10 o'clock p.m. of any day and 6 o'clock a.m. of the succeeding day," subject to a few exceptions.[5]

The district court ruled that the officers did not violate CPC § 840 because one such exception allows an arrest for a misdemeanor if "[t]he officer has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence." CPC § 836(a)(1). The district court reasoned that Defendants had probable cause to believe that Maric "resisted, delayed, or

---

[5] The statute states in full:

An arrest for the commission of a felony may be made on any day and at any time of the day or night. An arrest for the commission of a misdemeanor or an infraction cannot be made between the hours of 10 o'clock p.m. of any day and 6 o'clock a.m. of the succeeding day, unless:
> (1) The arrest is made without a warrant pursuant to Section 836 or 837.
> (2) The arrest is made in a public place.
> (3) The arrest is made when the person is in custody pursuant to another lawful arrest.
> (4) The arrest is made pursuant to a warrant which, for good cause shown, directs that it may be served at any time of the day or night.

Cal. Penal Code § 840.

obstructed a peace officer by repeatedly refusing to exit the apartment," and thus violated CPC § 148(a)(1).

The district court was incorrect. Neither the district court, nor Defendants, cite any law which indicates that a person must acquiesce to a police officer's request that he leave his own home. On the contrary, the California Court of Appeal has ruled that "[a]lthough an individual's refusal to consent to a warrantless entry of his residence may be open to various interpretations and is not encouraged, the assertion of the right itself cannot be a crime nor can it be evidence of a crime." *People v. Keener*, 148 Cal. App. 3d 73, 78–79 (Ct. App. 1983);[6] *cf. Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 540 (1967) (holding that the Fourth Amendment guarantees a person may not be convicted of the misdemeanor of obstructing a municipal inspector's performance of his duty where the person's only action was to refuse the inspectors access to his apartment without a search warrant).

### 3. Qualified Immunity

---

[6] In *Keener*, defendant Keener had been convicted by a jury of a number of crimes including assault with attempt to commit rape and false imprisonment with use of a firearm. He contended on appeal that the trial court improperly admitted evidence of Keener's refusal to allow police's warrantless entry into his apartment. The California Court of Appeal agreed. It described Keener's refusal to leave his apartment as "privileged," and ruled that "[a]lthough an individual's refusal to consent to a warrantless entry of his residence may be open to various interpretations and is not encouraged, the assertion of the right itself cannot be a crime nor can it be evidence of a crime." 148 Cal. App. 3d at 78-79.

9

As we ruled in *Bonivert v. City of Clarkston*, 883 F.3d 865, 872–73 (9th Cir. 2018), "[a]mong constitutional rules, few are as well established, frequently applied, and familiar to police officers as the warrant requirement and its exceptions." It is clearly established that a warrantless entry into the home is presumptively unlawful, as "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585–86 (1980) (quoting *United States v. United States District Court*, 407 U.S. 297, 313 (1972)). In *Bonivert*, we explained that where there has been a warrantless entry by police of a person's home, that entry violated "clearly established law" if it was "clearly established" that none of the exceptions to the warrant requirement applies. 883 F.3d at 879.

While Defendants argue that "exigent circumstances" necessitated their warrantless entry, Maric has adduced evidence sufficient to demonstrate a triable issue of fact exists as to whether the exigent circumstances exception to the warrant requirement applies here: the officers had no probable cause to believe that Maric committed the crime of misdemeanor child endangerment, and "there were simply no circumstances pointing to an actual or imminent injury inside the home," *Bonivert*, 883 F.3d at 877. The officers could see that there was no actual injury to Mary and the children, and there is no evidence in the record submitted on the motion for summary judgment from which the court could infer injury was

10

"imminent."[7] Defendants do not argue that they should be accorded qualified immunity for the wrongful arrest. However, even if they were to so argue, it would be unavailing. "It is well established that 'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.'" *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)).

**REVERSED.**

---

[7] As noted, Defendants state in their Affidavits that they were advised by dispatch that Mary "feared for her life." *See, e.g.*, Robinson Declaration. However, as noted above, whether Defendants were notified by dispatch that Mary "feared for her life" is a contested issue of fact.